UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN THE MATTER OF: ) Case No: B-1082315 C-13D
**WILLIS A. GLANTON,** )
**KATHY H. GLANTON,** )
　)
　　　　Debtor(s) )
＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿)

OBJECTION BY STANDING TRUSTEE TO CONFIRMATION OF PLAN

NOW COMES Richard M. Hutson, II, Standing Trustee ("Trustee") and respectfully objects to confirmation of the Debtors' plan pursuant to 11 U.S.C. §1325(b) and shows unto the Court the following:

1. The Debtors filed a petition under Title 11 of the United States Code, Chapter 13, on December 29, 2010, in the United States Bankruptcy Court for the Middle District of North Carolina.

2. On December 29, 2010, Richard M. Hutson, II, was appointed as Trustee.

3. This Court has proper and personal jurisdiction of the subject matter hereof and over the parties pursuant to 28 U.S.C. §§151, 157 and 1334, and the Standing Order entered by the United States District Court for the Middle District of North Carolina and this is a core proceeding within 28 U.S.C. §157(b).

4. The plan filed by the Debtors proposes a monthly payment of $193.00 for a period of at least 36 months. The Debtors propose no dividend to unsecured creditors. There is $147,778.87 of unsecured debt listed in Schedule "F", consisting mostly of student loan debt.

5. The Debtors have filed with the petition a Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income, known as Official Form B22C ("Form B22C"). The Debtors list current monthly income ("CMI") in Form B22C of approximately $3,780.94.

6. In Schedule "I", the male Debtor lists unemployment income of $1,200.33 per month.

7. The Trustee objects to confirmation of the Debtors' plan in that the Debtors' may not be submitting all available disposable income to fund the plan and have not proposed a plan for the duration of the applicable commitment period required by

1

11 U.S.C. §1325(b). CMI is defined in 11 U.S.C. §101(10A) as the average monthly income the Debtors receive during the six month period prior to the petition date, but excludes benefits received under the Social Security Act. The Debtors have excluded the male Debtor's unemployment income from CMI on the belief that unemployment income is received under the Social Security Act. However, unemployment income is based upon lost wages and is paid by the state and, thus, that income is not a "benefit received under the Social Security Act" and should not be excluded from CMI. In re Overby, 2010 WL 3834647 (Bankr. W.D. Mo.); In re Winkles, 2010 WL 2680895 (Bankr. S.D. Ill.); In re Kucharz, 418 B.R. 635 (Bankr. C.D. Ill. 2009). Accordingly, the Debtors' CMI should be $4,981.27, which, when multiplied over 12 months, would yield annualized CMI of $59,775.24 and require an applicable commitment period of 60 months.

WHEREFORE, the Trustee prays the Court for an Order as follows:

1. That the Debtor's plan not be confirmed in that the plan does not comply with the provisions of the Bankruptcy Code, specifically 11 U.S.C. §1325(b), and the case be dismissed for cause pursuant to 11 U.S.C. §1307;

2. For such other and further relief as the Court may deem just or proper.

This the 14th day of February, 2011.

    s/Benjamin E. Lovell
    Benjamin E. Lovell
    Attorney for the Trustee
    State Bar No: 23266
    P.O. Box 3613
    Durham, N.C. 27702
    Telephone: (919) 688-8065

CERTIFICATE OF SERVICE

       This is to certify that I have this day served a copy of the foregoing document upon John T. Orcutt, Esq., 6616-203 Six Forks Rd., Raleigh, NC 27615, Willis & Kathy Glanton, 611 Beavier Dam Run, Durham, NC 27703, and Michael D. West, Esq., U.S. Bankruptcy Administrator, PO Box 1828, Greensboro, NC 27402 by depositing a copy of same in the United States Mail, postage prepaid, and in the manner prescribed by Rule 5 of the Federal Rules of Civil Procedure.

       This 14th day of February, 2011.

       s/Benjamin E. Lovell
       Benjamin E. Lovell, Esq.
       Attorney for the Standing Trustee